UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARRISH REDD,

                Plaintiff,                    No. 14-14340

v.                                   District Judge Marianne O. Battani
                                   Magistrate Judge R. Steven Whalen

TERRANCE VAILS, ET AL.,

                Defendants.

_____ /

## REPORT AND RECOMMENDATION

On November 12, 2014, Plaintiff Parrish Redd filed a *pro se* civil complaint alleging copyright infringement. He has filed the following motions, which have been referred for Reports and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(B):

(1) Motion for Final Judgment on the Pleadings Against Defendant Terrance Vails [Doc. #21].

(2) Motion for Entry of Default Final Judgment Against Defendant Terrance Vails [Doc. #27].[1]

(3) Requests to Enter Default Against Defendant Terrance Vails [Doc. #29 and Doc. #36].

(4) Motion for Default Judgment as to Chris Hugan and Marty Peters [Doc. #38].

For the reasons discussed below, I recommend that all of the above motions be DENIED. I further recommend that the Clerk's entries of default against Defendants Hugan [Doc. #40] and Peters [Doc. #41] be STRICKEN.

_____

[1] Doc. #28 is a "supplemental brief" in support of the request for default judgment in Doc. #27.

-1-

## I.   FACTS

Plaintiff filed his complaint on November 12, 2014. He was granted leave to proceed *in forma pauperis* ("IFP"), but his request for service by the United States Marshal was denied; rather, he was ordered to arrange for service of the complaint [Doc. #4]. Subsequently, the Court granted Plaintiff's motion for reconsideration, directed service by the U.S. Marshal, and ordered Plaintiff to provide a list of all Defendants and their current addresses [Doc. #13]. On December 31, 2014, the summonses as to Chris Hugan and Marty Peters were returned unexecuted, with a notation that there was no such address [Doc. #17 and Doc. #18]. On January 5, 2015, Plaintiff provided the correct addresses, and the Court ordered the Marshal to re-serve Peters and Hugan [Doc. #22].

On January 20, 2015, the Clerk's Office docketed "service documents" regarding Peters and Hugan [Doc. #37]. These documents consist of undated United States Postal Service ("USPS") Certified Mail receipts showing that fees were paid for certified mailing, return receipt requested, to Hugan and Peters. They do not contain the addresses for those two Defendants. Also included with this filing are USPS Product & Tracking Information forms purporting to show that the summonses and complaints were delivered to Hugan and Peters on December 29, 2014. However, these forms do not indicate the address to which the pleadings were mailed, nor do they include return receipts signed by Hugan and Peters.

Plaintiff has attached a USPS Product & Tracking Information form to his brief in support of his motion for default judgment against Defendant Vails [Doc. #28]. While the form does not indicate Vails' name or address, it reflects that the mailing was "delivered" in Southfield, Michigan on December 19, 2014. There is no return receipt signed by Vails.  Defendant Vails filed an answer to the complaint on January 9, 2014, 21 days after

the December 19th date.

## II.   LEGAL PRINCIPLES

### A.   Service of Process

Service of a Complaint and Summons is governed by Fed.R.Civ.P. 4(c)-(h).  Under Rule 4(d), a plaintiff may request waiver of service from a defendant.  Request for waiver of service may be sent by "first-class mail or other reliable means,"  Fed.R.Civ.P. 4(d)(2)(B), and the plaintiff must provide not only a copy of the summons and complaint, but with specific information in a specific form "by means of a text prescribed in an official form promulgated pursuant to Rule 84."  Fed.R.Civ.P. 4(d)(2)(D).  The notice must also provide "a prepaid means of compliance in writing."  Rule 4(d)(2)(G).

If waiver of service has not been obtained and filed, then service of the summons and complaint is governed generally by Rule 4(e), which provides that service may be effected:

> "(1) pursuant to the law of the state in which the district court is located, or in which service is effected...; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."

Under Michigan law, specifically M.C.R. 2.105(A), service may be effected as follows:

> "(1) delivering a summons and a copy of the complaint to the defendant personally; or
>
> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee.  Service is made when the defendant acknowledges receipt of the mail.  A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2)."

Finally, Fed.R.Civ.P. 4(l) requires that "[i]f service is not waived, the person effecting service shall make proof thereof to the court."

## B.    Default Judgments

Under Fed.R.Civ.P. 55, a plaintiff my request a default judgment against a defendant who "has failed to plead or otherwise defend...." In order for a Plaintiff to obtain a judgment by default, he must first request a Clerk's entry of default pursuant to Fed.R.Civ.P. 55(a).  A default *judgment* is governed by Rule 55(b)(2).  "An entry of default and a default judgment are distinct concepts which must be treated separately." *Northland Ins. Co. v. Cailu Title Corp.,* 204 F.R.D. 327, 330 (W.D.Mich.2000) (quoting *United States v. Topeka Livestock Auction, Inc.,* 392 F.Supp. 944, 950 (N.D.Ind.1975)). In *Vongrabe v. Sprint PCS,* 312 F.Supp.2d 1313, 1318 (S.D.Cal.2004), the court explained:

> "The section of the rule regarding default is dealt with in Rule 55(a), and the section of the rule regarding judgment is dealt with in Rule 55(b). These sections have separate headings and procedures that are distinct from one another. Thus, a plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment."

> *See also Ramada Franchise Sys., Inc.,* 220 F.R.D. 303, 305 (N.D.Ohio 2004)

(quoting *Sys. Indus., Inc. v. Han,* 105 F.R.D. 72, 74 (E.D.Penn.1985)) ("Entry of a default ... is a prerequisite to entry of a default judgment under Rule 55(b)."); *DeTore v. Local # 245 of the Jersey City Public Employees Union,* 511 F.Supp. 171, 176 (D.N.J.1981) ("However, no default judgment may be entered under either F.R.Civ.P. 55(b)(1) or (b)(2) unless a default has previously been entered by the clerk under 55(a). Thus, the entry of default is an essential predicate to any default judgment.").

### III.   DISCUSSION

### A.   Defendant Vails

### 1.   Doc. #21

In this motion, Plaintiff seeks a judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). The standard of review applicable to motions for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) is the same as the standard for motions to dismiss pursuant to Fed.R.Civ.P. 12(b) (6). *Grindstaff v. Green,* 133 F.3d 416, 421 (6th Cir.1998). However, when it is a plaintiff who files such motion, the Court accepts as true only the allegations in the complaint that the defendant has not denied. *See Kule-Rubin v. Bahari Group Ltd.,* 2012 WL 691324, *3 (S.D.N.Y.,2012)("plaintiff is entitled to judgment on the pleadings where the defendant's answer fails to deny the elements constituting a cause of action."); *Maxum Indemnity Co. v. New Jersey Iron, Inc*., 2010 WL 1856059, *1 (D.N.J. 2010); *Halliburton Co. v. Texana Oil Co., Inc*., 471 F.Supp. 1017, 1019 (D.C.Colo. 1979).

In his answer [Doc. #20], Defendant Vails either denies, or states that he "neither admits nor denies, but leave plaintiff to his proofs" as to the substantive allegations in Plaintiff's complaint. *See Answer*, ¶¶ 8-13, 16, 18-19, 26-27, 29-46, 55, 58, 63, 73-77, 79 (neither admits nor denies), ¶¶ 14-15, 17, 28, 47-54, 56-57, 59, 64-72, 78, 80 (denies). Vails also asserts as an affirmative defense that "Plaintiff lost its ownership rights in the Copyrighted Work in a prior adjudication."

Looking at just the denials, without reference to the "neither admits nor denies" responses, it is clear that Defendant Vails disputes the essential elements of Plaintiff's cause of action. For example, in ¶ 47 of the complaint [Doc. #1], Plaintiff alleges that "[o]n a daily basis, Defendants are engaged in the infringement of Plaintiff's

'Copyrighted Protected Work.'" In his answer, Vails denies this allegation. The paragraphs of the complaint that follow allege facts that if proved, would establish copyright infringement. *Complaint*, ¶ 48-54, 56-57. In his answer, Defendant Vails expressly denies these allegations. Based on these denials alone, Plaintiff is not entitled to judgment on the pleadings.[2]

### 2.   Doc. #27, 29, and 36

In Doc. #27 and #36, Plaintiff seeks a default judgment against Defendant Vails. In Doc. #29, he seeks a Clerk's entry of default. All three motions are premised on the claim that Vails did not timely file an answer to the complaint. That premise is incorrect. In addition, Plaintiff has not offered sufficient proof of whether or when Vails was served.

Plaintiff alleges that Vails was served by certified mail, return receipt requested. Yet, the USPS documents attached to his motions are not in compliance with M.C.R. 2.105(A)(2), which requires that a "copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2)." All Plaintiff submitted

---

[2] Ordinarily, a statement that a defendant "neither admits nor denies" an allegation but "leaves plaintiff to his proofs" would be considered insufficient as a denial under Fed.R.Civ.P. 8(b), and would instead be deemed an admission. *See United States v. Behicle 2007 Mack 600 Dump Truck*, 680 F.supp. 2d 816, 828 (E.D. Mich. 2010)(citing cases). In this case, however, Defendant Vails is himself proceeding without counsel. Therefore, his pleadings are not held to the standard of a practicing attorney, but are to be given a liberal construction.  *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice"). Although Vails' unambiguous denials are sufficient by themselves to defeat Plaintiff's motion for judgment on the pleadings, his "neither admits nor denies" responses, viewed in the context of his clear denials of the essential elements of the claim and his affirmative defense, should be liberally construed as an assertion of "lack of knowledge or information sufficient to form a belief about the truth of an allegation," which, under Rule 8(b)(5), would have the effect of a denial.

was a tracking document that shows that *some* piece of mail (presumably the summons and complaint) was delivered to *someone* on December 19, 2014. There is no return receipt signed by Vails. Absent proper proof of service, neither entry of default nor a default judgment is appropriate.[3]

Moreover, even if we assume that Vails was properly served with a summons and complaint on December 19, 2014, he filed his answer 21 days later, on January 9, 2015, within the time permitted under Fed.R.Civ.P. 12(a)(1)(A)(I).

Plaintiff's motion for default judgment and for entry of default against Defendant Vails should therefore be denied.

### B.   Defendants Hugan and Peters [Doc. #39]

As was the case with Defendant Vails, the information that Plaintiff has submitted purporting to show service of the summons and complaint on Defendants Hugan and Peters [Doc. #38, Exhibit A] consists only of USPS tracking information showing delivery of certified mail on *someone* on either December 29 or December 30, 2014. Plaintiff has not submitted a return receipt signed by these Defendants, as required by M.C.R. 2.105(A)(2). "A default judgment may not be entered against a party who has not been properly served." *Richard v. Bouchard*, 2013 WL 4417440, *2 (E.D. Mich. 2013).

Because proper service on Peters and Hugan has not been shown, the Clerk erred in entering default against those Defendants. *See* Doc. #40 and Doc. #41. I therefore also recommend that the Clerk's entries of default against Peters and Hugan be stricken.

### IV.   CONCLUSION

For these reasons, I recommend as follows:

---

[3] The denial of a Clerk's entry of default, as requested in Doc. #29, would also be fatal to Plaintiff's request for default judgment in Doc. #27 and Doc. #36. *Vongrabe v. Sprint, supra*.

That Plaintiff's Motion for Final Judgment on the Pleadings Against Defendant Terrance Vails [Doc. #21] be DENIED.

That Plaintiff's Motion for Entry of Default Final Judgment Against Defendant Terrance Vails [Doc. #27] be DENIED.

That Plaintiff's Requests to Enter Default Against Defendant Terrance Vails [Doc. #29 and Doc. #36] be DENIED.

That Plaintiff's Motion for Default Judgment as to Chris Hugan and Marty Peters [Doc. #38] be DENIED.

That the Clerk's entry of default as to Defendant Hugan [Doc. #40] and Defendant Peters [Doc. #41] be STRICKEN.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the

-8-

court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 17, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 17, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager
