UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARRISH REDD,

    Plaintiff,                              No. 14-14340

v.                                       District Judge Marianne O. Battani
                                            Magistrate Judge R. Steven Whalen

TERRANCE VAILS, ET AL.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

On November 12, 2014, Plaintiff Parrish Redd filed a *pro se* civil complaint alleging copyright infringement. Before the Court are his *five* motions seeking default judgments against Defendants Chris Hugan and Marty Peters:

    -Motion for Default Judgment [Doc. #39].

    -Motion for Default Judgment [Doc. #43].

    -Second Motion for Default Judgment [Doc. #44].

    -Emergency Motion for Default Judgment [Doc. #45].

    -Second Emergency Motion for Default Judgment [Doc. #50].

These motions have been referred for Reports and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that all five motions be DENIED.

I.   BACKGROUND

Plaintiff filed his complaint on November 12, 2014. He was granted leave to proceed *in forma pauperis* ("IFP"), but his request for service by the United States Marshal was denied; rather, he was ordered to arrange for service of the complaint [Doc. #4]. Subsequently, the Court granted Plaintiff's motion for reconsideration, directed service by the U.S. Marshal, and ordered Plaintiff to provide a list of all Defendants and their current addresses [Doc. #13]. On December 31, 2014, the summonses as to Chris Hugan and Marty Peters were returned unexecuted, with a notation that there was no such address [Doc. #17 and Doc. #18]. On January 5, 2015, Plaintiff provided the correct addresses, and the Court ordered the Marshal to re-serve Peters and Hugan [Doc. #22].

On February 17, 2015, I filed a Report and Recommendation to deny Plaintiff's previous motion for default judgment as to Defendant Terrance Vails [Doc. #42]. I also recommended that the Clerk's Entries of Default as to Peters and Hugan be stricken because those Defendants were not properly served. On March 25, 2015, the Honorable Marianne O. Battani adopted the Report and Recommendation, and ordered the Clerk's Defaults stricken [Doc. #46].

Also on March 25, 2015, Defendants Peters and Hugan returned executed waivers of service [Doc. #49]. Their answers are not due until April 17, 2015.

II.   STANDARD OF REVIEW

Under Fed.R.Civ.P. 55, a plaintiff my request a default judgment against a

defendant who "has failed to plead or otherwise defend...." In order for a Plaintiff to obtain a judgment by default, he must first request a Clerk's entry of default pursuant to Fed.R.Civ.P. 55(a). A default *judgment* is governed by Rule 55(b)(2). "An entry of default and a default judgment are distinct concepts which must be treated separately." *Northland Ins. Co. v. Cailu Title Corp.,* 204 F.R.D. 327, 330 (W.D.Mich.2000) (quoting *United States v. Topeka Livestock Auction, Inc.,* 392 F.Supp. 944, 950 (N.D.Ind.1975)). In *Vongrabe v. Sprint PCS,* 312 F.Supp.2d 1313, 1318 (S.D.Cal.2004), the court explained:

> "The section of the rule regarding default is dealt with in Rule 55(a), and the section of the rule regarding judgment is dealt with in Rule 55(b). These sections have separate headings and procedures that are distinct from one another. Thus, a plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment."

*See also Ramada Franchise Sys., Inc.,* 220 F.R.D. 303, 305 (N.D.Ohio 2004) (quoting *Sys. Indus., Inc. v. Han,* 105 F.R.D. 72, 74 (E.D.Penn.1985)) ("Entry of a default ... is a prerequisite to entry of a default judgment under Rule 55(b)."); *DeTore v. Local # 245 of the Jersey City Public Employees Union,* 511 F.Supp. 171, 176 (D.N.J.1981) ("However, no default judgment may be entered under either F.R.Civ.P. 55(b)(1) or (b)(2) unless a default has previously been entered by the clerk under 55(a). Thus, the entry of default is an essential predicate to any default judgment.").

### III. DISCUSSION

There are two reasons why the Plaintiff's motions must be denied. First, and most obviously, the time for Peters and Hugans to file an answer has not passed, therefore they could not be in default. Secondly, the erroneously entered Clerk's Entries of Default having been stricken, there is no entry of default, a prerequisite for a default judgment.

Mr. Redd, who is proceeding without counsel, does not have a good grasp of the Federal Rules of Civil Procedure. In addition to mistakenly contending that there is a Clerk's Entry of Default as to these Defendants, he repeats the claim in his complaint that they have "blatantly and maliciously" violated the copyright laws. He also contends that one Andrew Stacer, an alleged partner of Peters and Hugan, is stalking him. Whether these allegations are true or not, they are irrelevant to the question of whether Plaintiff is entitled to a default judgment. He is not, and once Peters and Hugan file answers or other responsive pleadings, the case can go forward for a determination of the merits.

### IV. CONCLUSION

I therefore recommend that Plaintiff's motions for default judgment [Doc. Nos. 39, 43, 44, 45, and 50] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985);

*Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: March 27, 2015

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 27, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager