UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARRISH REDD,

        Plaintiff,                       No. 14-14340

v.                                District Judge Marianne O. Battani
                                    Magistrate Judge R. Steven Whalen

TERRANCE VAILS, ET AL.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

On November 12, 2014, Plaintiff Parrish Redd filed a *pro se* civil complaint alleging copyright infringement. Before the Court is his Third Emergency Motion for Default Judgment as to Chris Hugan and Marty Peters [Doc. #52], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). I recommend that the motion be DENIED.

## BACKGROUND AND DISCUSSION

Plaintiff filed his complaint on November 12, 2014. He was granted leave to proceed *in forma pauperis* ("IFP"), but his request for service by the United States Marshal was denied; rather, he was ordered to arrange for service of the complaint [Doc. #4]. Subsequently, the Court granted Plaintiff's motion for reconsideration, directed service by the U.S. Marshal, and ordered Plaintiff to provide a list of all Defendants and

their current addresses [Doc. #13]. On December 31, 2014, the summonses as to Chris Hugan and Marty Peters were returned unexecuted, with a notation that there was no such address [Doc. #17 and Doc. #18]. On January 5, 2015, Plaintiff provided the correct addresses, and the Court ordered the Marshal to re-serve Peters and Hugan [Doc. #22].

On February 17, 2015, I filed a Report and Recommendation to deny Plaintiff's previous motion for default judgment as to Defendant Terrance Vails [Doc. #42]. I also recommended that the Clerk's Entries of Default as to Peters and Hugan be stricken because those Defendants were not properly served. On March 25, 2015, the Honorable Marianne O. Battani adopted the Report and Recommendation, and ordered the Clerk's Defaults stricken [Doc. #46].

On March 27, 2015, I filed a Report and Recommendation to deny Plaintiff's previous motions for default judgment as to Peters and Hugan [Doc. #51]. I noted that on March 25, 2015, Defendants Peters and Hugan returned executed waivers of service [Doc. #49], and that their answers were not due until April 17, 2015. I also advised Plaintiff that any objections to the Report and Recommendation must be filed within 14 days, and that failure to do so "constitutes a waiver of any further right of appeal." No objections have been filed.

On April 9, 2015, Defendants Hugan and Peters filed a timely answer to the complaint [Doc. #53].

In my previous Report and Recommendation [Doc. #51], I stated as follows:

-2-

"There are two reasons why the Plaintiff's motions must be denied. First, and most obviously, the time for Peters and Hugans to file an answer has not passed, therefore they could not be in default. Secondly, the erroneously entered Clerk's Entries of Default having been stricken, there is no entry of default, a prerequisite for a default judgment."[1]

There is now a third reason to deny a default judgment: Peters and Hugans have filed a timely answer to Plaintiff's complaint.

For these reasons, and for the reasons stated in my Report and Recommendation of March 27, 2015, Plaintiff's present motion for default judgment should be denied.

## CONCLUSION

I therefore recommend that Plaintiff's Third Emergency Motion for Default Judgment as to Chris Hugan and Marty Peters [Doc. #52] be DENIED.

Any objections to this Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith*

---

[1] *See* " *Northland Ins. Co. v. Cailu Title Corp.,* 204 F.R.D. 327, 330 (W.D.Mich. 2000) (quoting *United States v. Topeka Livestock Auction, Inc.,* 392 F.Supp. 944, 950 (N.D.Ind.1975));  *Vongrabe v. Sprint PCS,* 312 F.Supp.2d 1313, 1318 (S.D.Cal.2004).

*v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to

E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate

Judge.

Within fourteen (14) days of service of any objecting party's timely filed

objections, the opposing party may file a response. The response shall be not more than

twenty (20) pages in length unless by motion and order such page limit is extended by the

court. The response shall address specifically, and in the same order raised, each issue

contained within the objections.


s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: April 13, 2015


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on
April 13, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager

-4-