UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARRISH REDD,

      Plaintiff,                               No. 14-14340

v.                                        District Judge Marianne O. Battani
                                             Magistrate Judge R. Steven Whalen

TERRANCE VAILS, ET AL.,

      Defendants.
_____/

**REPORT AND RECOMMENDATION**

      Before the Court is Plaintiff's "Emergency Motion" for clerk's entry of default against Defendants Chris Hugan and Marty Peters [Doc. #56], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend as follows:

      (1) That Plaintiff's motion be DENIED.

      (2) That Plaintiff be barred from filing any further motions for entry of default or for default judgment without first obtaining leave of the Court.

**I.    DISCUSSION**

      This is Plaintiff's seventh motion for either entry of default or for a default judgment as to Defendants Hugan and Peters. In Doc. Nos. 39, 43, 44, 45, and 50, the motions have been denied. In Doc. No. 52, Plaintiff's self-styled "third emergency

motion" for entry of default, I filed a Report and Recommendation to deny, which is pending. Hugan and Peters filed timely answers on April 9, 2015 [Doc. #53], as noted in the Court's order adopting my previous Report and Recommendation. *See* Doc. #57. Rather than going through another lengthy analysis, I refer Plaintiff to the discussions in the prior Reports and Recommendations and orders of this Court. There is no basis for either a Clerk's entry of default or a default judgment against Defendants Hugan and Peters. Moreover, the previous orders of this Court are law of the case.

Enough is enough. I understand that Plaintiff does not like the Court's rulings regarding his default motions, but he is bound by them. He cannot keep straining this Court's resources by filing the same thing over and over. Any further motions alleging the default of Defendants Hugan and Peters should be permitted only by leave of the Court.

## II.   CONCLUSION

I therefore recommend as follows:

(1) That Plaintiff's motion [Doc. #56] be DENIED.

(2) That Plaintiff be barred from filing any further motions for entry of default or for default judgment without first obtaining leave of the Court.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985);

*Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: April 13, 2015

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was sent to parties of record on April 13, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager