UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARRISH REDD,

       Plaintiff,                                    No. 14-14340

v.                                              District Judge Marianne O. Battani
                                                    Magistrate Judge R. Steven Whalen

TERRANCE VAILS, ET AL.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

On November 12, 2014, Plaintiff Parrish Redd filed a *pro se* civil complaint alleging copyright infringement. Despite numerous denials of motions for default judgment against the various Defendants, the Court is now faced with three more:

    -Plaintiff's 5th Motion for Default Judgment as to Chris Hugan and Marty Peters [Doc. #60].

    -Plaintiff's Emergency Motion for Default Judgment as to Terrance Vails [Doc. #65].

    -Plaintiff's Second Emergency Motion for Default Judgment as to Vails [Doc. #67].

These motions have been referred for Reports and Recommendations under 28 U.S.C. § 636(b)(1)(B). I recommend that all three be DENIED.

**DISCUSSION**

All three motions were filed before Judge Battani's order of June 17, 2015 [Doc. #70], in which she barred Plaintiff from filing any further motions for entry of default or default judgment without leave of the Court. Nevertheless, these motions for default judgment are repetitive, and raise the same issues regarding Hugan, Peters, and Vails that have been rejected time and time again. In my Report and Recommendation that Judge Battani accepted on June 17, 2015, I stated:

> "Enough is enough. I understand that Plaintiff does not like the Court's rulings regarding his default motions, but he is bound by them. He cannot keep straining this Court's resources by filing the same thing over and over."

In fact, on the same day that Judge Battani entered her order, I ordered Plaintiff to show cause in writing why filing the three motions that are the subject of this Order has not violated Fed.R.Civ.P. 11(b), and why he should not be sanctioned under Fed.R.Civ.P. 11(c) [Doc. #69]. Rather than filing a response, he filed yet *another* motion for entry of default against Hugan and Peters [Doc. #71].[1]

We've been through this too many times. The Court has already ruled that Plaintiff is not entitled to a Clerk's entry of default or a default judgment, and has clearly explained the basis of those rulings to Plaintiff. The present motions should be denied in short order.

---

[1] By separate order, I have stricken that motion, since Plaintiff did not obtain leave of the Court before filing it.

## CONCLUSION

I recommend that Plaintiff's motions for default judgment [Doc. #60] and for Clerk's entry of default [Doc. #65 and #67] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Date: January 31, 2016

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 31, 2016, electronically and/or by U.S. mail.

s/C. Ciesla<br>
Case Manager