UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARRISH REDD,

            Plaintiff,                          No. 14-14340

v.                                              District Judge Marianne O. Battani
                                                Magistrate Judge R. Steven Whalen

TERRANCE VAILS, ET AL.,

            Defendants.

_____/

### REPORT AND RECOMMENDATION

On November 12, 2014, Plaintiff Parrish Redd filed a *pro se* civil complaint

alleging copyright infringement. Before the Court are Motions to Dismiss on the

Pleadings under Fed.R.Civ.P. 12(c) filed by Defendants Marty Peters and Chris Hugan

[Doc. #79] and Defendant Terrance Vails [Doc. #80],[1] which have been referred for a

Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons

discussed below, I recommend that both motions be GRANTED, and that Plaintiff's

complaint be DISMISSED WITH PREJUDICE.  I further recommend that Defendants

Donnie James Overton, Alonzo L. Everett, and Robert Spearman, Jr. be *sua sponte*

DISMISSED WITH PREJUDICE, and that Mr. Redd be barred from filing any future

_____

[1] Defendant Vails, who is proceeding without counsel, has adopted and
incorporated the arguments of Defendants Peters and Hugan.

-1-

complaints against these Defendants or involving the film "Pawn Shop" without first requesting and obtaining leave of the Court.

## I.   FACTS

Plaintiff alleges that he owns the copyright on a movie and a screenplay titled "Pawn Shop." *Complaint* [Doc. #1], ¶¶ 7-8. He alleges that Defendants have reproduced, distributed, and displayed his copyright protected work, resulting in economic harm to him and the unjust enrichment of the Defendants. *Id.* ¶¶ 9-19. He brings a claim of Copyright Infringement under 17 U.S.C. § 501, *et seq.*

On April 23, 2013, Plaintiff filed a previous copyright infringement lawsuit in this Court, also involving the Pawn Shop film and screenplay, and naming Messrs. Hugans and Peters, as well as Ozone Music and Sound.[2] His co-plaintiff was Paris Deior Studios, LLC. *See* E.D. Mich. No. 13-11809. The case was assigned to the Hon. Arthur J. Tarnow. On May 24, 2013, Plaintiff filed yet another Pawn Shop/copyright action in this Court, titled *Paris Deior Studios, LLC v. Music Video Distributors, Inc*., E.D. Mich. No. 13-12315. That case was initially assigned to the Honorable Victoria A. Roberts, who reassigned it to Judge Tarnow as a companion case. Judge Tarnow permitted Fidelity Capital Group ("Fidelity") to intervene. Fidelity claimed an interest in the Copyrighted Work.

On November 18, 2013, Judge Tarnow granted summary judgment to all

---

[2] Hugans and Peters are agents of Defendant Ozone.

Defendants on Plaintiff's claim of copyright infringement. No. 13-11819, Doc. #46.

Judge Tarnow found the following facts: (1) On September 1, 2009, Plaintiff and the co-authors of the Copyrighted Work ("Pawn Shop") transferred the exclusive right to the copyrighted work to Paris Deior Studios, LLC ("Paris Deior"); (2) the purchase agreement effecting this transfer provided "that Plaintiff Paris Deior alone has the right to any cause of action relating to the Copyrighted Work"; (3) Paris Deior's rights to the Copyrighted Work "were subsequently transferred to Defendant Fidelity through the state court default judgments against both Plaintiff Paris Deior and Plaintiff Redd"; (4) on February 29, 2012, the state court entered a default judgment in favor of Fidelity and against Paris Deior, giving Fidelity full and exclusive use of the Copyrighted Work, and allowing Fidelity to file a lien with the U.S. Copyright Office. Paris Deior never appealed the default judgment; (5) Plaintiff Redd's claims that the recordation of the default judgment with the Copyright Office and the default judgment itself were falsified "are not supported by the evidence"; (6) On September 14, 2012, Fidelity recorded its judgment lien on the Copyrighted Work with the Copyright Office; and (7) On December 3, 2012, the state court entered a default judgment in favor of Fidelity and against Plaintiff Redd, giving Fidelity full use of the Copyrighted Work to recoup its damages.

Judge Tarnow then ruled as follows:

> "Because Defendants have shown that all rights to the Copyrighted Work were transferred to now dismissed Plaintiff Paris Dieor and then to Defendant Fidelity, there are no material questions of fact as to Plaintiff's copyright infringement claim. Therefore, Defendants' Motions for

Summary Judgment are GRANTED as to Plaintiff's Copyright
Infringement claim." *Id*. at 9.

Defendants now seek dismissal based on *res judicata*.

## II.    STANDARD OF REVIEW

A motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) of the

Federal Rules of Civil Procedure is subject to the same standards of review as a Rule

12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

*Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir.1998).  Fed.R.Civ.P. 12(b)(6) provides

for dismissal of a complaint "for failure of the pleading to state a claim upon which relief

can be granted."   In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's

factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to

legal relief.  *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the legal sufficiency of a complaint, the court must first determine

whether a complaint contains factual allegations, as opposed to legal conclusions.

*Ashcroft v. Iqbal*, _556 U.S.662 (2009).  "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice."  *Id.*, 556 U.S. at 676

(citing  *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555 (2007)).  Second, the facts that

are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as
> the Court of Appeals observed, be a context-specific task that requires the
> reviewing court to draw on its judicial experience and common sense.  But

where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Id.*

## III.   DISCUSSION

### A.   Defendants Hugan, Peters, and Vails

Defendants seek dismissal on the basis of *res judicata*.  Under federal law, the application of *res judicata* based on a prior judgment brings into play the following elements: (1) a final judgment on the merits of the earlier action; (2) the claims asserted in both suits are sufficiently related and founded upon the same transaction, arise out of the same nucleus of operative facts, and seek redress for essentially the same basic wrong; and (3) both actions involve the same parties or their privies. *Coleman v. Martin*, 363 F. Supp. 2d 894, 901 (E.D. Mich. 2005), citing *Kale v. Combined Insurance Co. of America*, 924 F.2d 1161, 1165 (1st Cir.1991).  To be in privity with a party to the earlier action, it is only necessary that the current Defendant's interests were adequately represented by a defendant in the earlier action. *United States v. Vasilakos*, 508 F.3d 401, 406 (6th Cir. 2007)(citing *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 481 (6th Cir.1992)).

Under this test, the Defendants are entitled to dismissal on the basis of *res judicata*. Defendants Peters and Hugans were named defendants in the prior case before Judge Tarnow, No. 13-11819. There was a final judgment on the merits in that case when Judge Tarnow entered summary judgment in favor of the defendants. The claim asserted

-5-

in the previous suit is identical to the claim asserted in the present case–copyright infringement regarding the film "Pawn Shop," the same Copyrighted Work that is the subject of the present case. The operative facts underlying both cases are identical. Moreover, although Terrance Vails was not a defendant in the previous action, his interests were adequately represented by Peters and Hugans, who prevailed based on Judge Tarnow's finding that by virtue of state court judgments, Plaintiff did not have an interest in the Copyrighted Work. This finding completely vindicated Vail's interests. In addition, Judge Tarnow rejected Plaintiff's argument that the state court default judgment against him was fraudulent.

In his responses to the Defendants' motions [Doc. #82 and #83], Plaintiff does not address the *res judicata* argument or the impact of his previous lawsuit before Judge Tarnow. Rather, he argues that Defendants are barred from contesting liability because they are in default. They are not. Plaintiff has filed numerous, repetitive motions for default judgment, all of which have been denied. In my Report and Recommendation of January 29, 2016, I recounted the many unsuccessful motions for default judgment that Plaintiff had filed up to that point, and I stated:

> "We've been through this too many times. The Court has already ruled that Plaintiff is not entitled to a Clerk's entry of default or a default judgment, and has clearly explained the basis of those rulings to Plaintiff. The present motions should be denied in short order."

Defendants Hugan, Peters, and Vails are therefore entitled to dismissal.

-6-

## B.    Defendants Overton, Everett, and Spearman

Defendants Donnie James Overton, Alonzo L. Everett, and Robert Spearman, Jr.
have not been served. Nevertheless, the Court may *sua sponte* dismiss the claims against
them as frivolous, under Fed.R.Civ.P. 12(b)(1).  This Court has the inherent authority to
dismiss a frivolous case. "[A] district court may, at any time, dismiss sua sponte a
complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal
Rules of Civil Procedure when the allegations of a complaint are totally implausible,
attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."
*Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999) (*citing Hagans v. Lavine*, 415 U.S. 528,
536 (1974)). As as both Judge Tarnow and the state court ruled, Plaintiff no longer has an
enforceable interest in the Copyrighted Work. That being the case, he cannot sustain a
claim of copyright infringement. His complaint is therefore "devoid of merit" and "no
longer open to discussion." These Defendants should therefore be dismissed.

## C.    Defendants' Request for Injunctive Relief

Defendants also request the Plaintiff be enjoined from filing further lawsuits
against them. To be sure, Plaintiff's litigation tactics in this case and in other cases have
been abusive, and his unsubstantiated claims of fraud and chicanery have unnecessarily
multiplied the Defendants' legal costs. However, rather than enjoining Plaintiff from
filing any further lawsuits, the remedy that would strike a more appropriate balance
between Plaintiff's right to file a lawsuit and Defendants' interest in being free of

-7-

harassment would be to require Plaintiff to obtain leave of the court before filing any further actions regarding these Defendants or "Pawn Shop."

## IV.   CONCLUSION

I recommend that Defendants Hugan and Peters' Motion to Dismiss [Doc. #79] and Defendant Terrance Vails' Motion to Dismiss [Doc. #80] be GRANTED, and that these Defendants be DISMISSED WITH PREJUDICE.

I further recommend that Defendants Donnie James Overton, Alonzo L. Everett, and Robert Spearman, Jr. be *sua sponte* DISMISSED WITH PREJUDICE pursuant to Fed.R.Civ.P. 12(b)(1).

I further recommend that Plaintiff Parrish Redd, or any entity owned or controlled by him, be barred from filing any future complaints against the Defendants in this case, or involving the film "Pawn Shop," unless he first requests and obtains leave of the Court.

Any objections to this Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis*

*v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
United States Magistrate Judge

Dated: February 21, 2017

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 21, 2017, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager