**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PARRISH REDD,

        Plaintiff,

v.

TERRANCE VAILS, et al.,

        Defendants.

_____/

CASE NO. 2:14-cv-14340

HON. MARIANNE O. BATTANI

**OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTIONS TO DISMISS, AND *SUA SPONTE* DISMISSING WITH PREJUDICE THE ACTION IN ITS ENTIRETY**

**I.    INTRODUCTION**

Before the Court is Plaintiff Parrish Redd's Opposition Motion to Defendants Marty Peters, Chris Hugan and Terrance Vails' Motion to Dismiss.  (Doc. 87).  Though entitled an "Opposition Motion," the Court interprets this filing as an objection to the recently filed Report and Recommendation ("R&R").  Magistrate Judge R. Steven Whalen considered Defendants Marty Peters and Chris Hugan's and Terrance Vails' Motions to Dismiss on the Pleadings, and, on February 21, 2017, entered an R&R. (Doc. 86).  In the R&R, Magistrate Judge Whalen recommended that the Court grant these motions, *sua sponte* dismiss with prejudice the other Defendants, and dismiss Plaintiff's complaint with prejudice.  Additionally, Magistrate Judge Whalen recommended that the Court bar Plaintiff from filing any future complaints against these Defendants or involving the film "Pawn Shop" without first obtaining leave of the Court. For the reasons that follow, the Court overrules Plaintiff's objections, **ADOPTS** the R&R, **GRANTS** Defendants Marty Peters and Chris Hugan's Motion to Dismiss (Doc. 79),

**GRANTS** Defendant Terrance Vail's Motion to Dismiss (Doc. 80), and *sua sponte* **DISMISSES WITH PREJUDICE** the present action in its entirety. Further, the Court adopts the Magistrate Judge's recommendation that Plaintiff must obtain leave of the Court prior to filing any further complaints against these Defendants of involving the film "Pawn Shop."

## II.     STATEMENT OF FACTS

As the parties have not objected to the R&R's recitation of the facts, the Court adopts that portion of the R&R. (See Doc. 86, pp. 2-4).

## III.     STANDARD OF REVIEW

Pursuant to statute, this Court's standard of review for a magistrate judge's report and recommendation requires a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(C). A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Id.

The legal standards for determining motions to dismiss pursuant to Rule 12(b) and Rule 12(c) are the same. Lindsay v. Yates, 498 F.3d 434, 437 n.4 (6th Cir. 2007). When ruling on a Rule 12(c) motion, the court must take as true "all well-pleaded material allegations of the pleadings of the opposing party," and "the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." JPMorgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 581 (6th Cir. 2007) (quoting So. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir.1973)). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." Id. at 581-82 (quoting Mixon v. Ohio, 193 F.3d 389, 400 (6th Cir.1999)).

The court is to grant a Rule 12(c) motion "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." Id. at 582 (quoting Paskvan v. City of Cleveland Civil Serv. Comm'n, 946 F.2d 1233, 1235 (6th Cir.1991)). "There must be no material issue of fact that could prevent judgment for the moving party." Monroe Retail, Inc. v. RBS Citizens, N.A., 589 F.3d 274, 2009 WL 4749352, at *3 (6th Cir. 2009).

**IV.    DISCUSSION**

In his objections to the R&R, Plaintiff asserts that the Magistrate Judge erred in recommending granting the Defendants' Motions to Dismiss because the Clerk of the Court has previously filed Entries of Default against Defendants Marty Peters and Chris Hugan. Plaintiff has filed numerous, repetitive motions seeking default judgment against Defendants Peters and Hugan, and both Magistrate Judge Whalen and this Court have denied all of these motions (See Doc. 42, 46, 51, 55, 57, 59, 66, 70, 72, 74). Having already determined the merits of this argument many times over, the Court declines to do so again but refers Plaintiff to the reasoning set forth in the above-referenced docket entries.

The remainder of Plaintiff's objections concern allegations that certain of the Defendants are stalking him, invading his privacy, posting false and malicious statements online, and impersonating a federal magistrate judge by creating a fraudulent federal court opinion. Even if true, these allegations have no bearing on either the Defendants' motions to dismiss or Plaintiff's copyright infringement claim as a whole.

**V.    CONCLUSION**

Having reviewed the R&R, the Court agrees with the conclusions set forth therein.  Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation; **GRANTS** Defendants Marty Peters and Chris Hugan's Motion to Dismiss (Doc. 79), **GRANTS** Defendant Terrance Vail's Motion to Dismiss (Doc. 80), and *sua sponte* **DISMISSES WITH PREJUDICE** the present action in its entirety.  Further, the Court adopts the Magistrate Judge's recommendation that Plaintiff must obtain leave of the Court prior to filing any further complaints against these Defendants of involving the film "Pawn Shop."

**IT IS SO ORDERED.**

Date:   March 14, 2017                                  s/Marianne O. Battani
                                                                                  MARIANNE O. BATTANI
                                                                                  United States District Judge

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 14, 2017.

                                                                                                              s/ Kay Doaks
                                                                                                              Case Manager